IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS ROBERT FLINT, JR., #45465,     Plaintiff, <br><br> v. <br><br> DOTHAN CITY JAIL, *et al.*, <br><br>     Defendants. | ) ) ) ) ) ) CIVIL ACTION NO. 1:13-CV-165-TMH ) [WO] ) ) ) ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate currently incarcerated at the Houston County Jail located in Dothan, Alabama, filed this 42 U.S.C. § 1983 action on March 18, 2013. As directed, Plaintiff filed an amendment to his complaint on March 28, 2013. This matter involves a dispute over the conditions of confinement to which Plaintiff was subjected during his incarceration at the Dothan City Jail, as well as the validity of Plaintiff's arrest in August 2012 and subsequent detention in the facility for 179 days. Plaintiff names as Defendants the Dothan City Jail, Administrator McCory, the City of Dothan, Alabama, and Melissa Killingsworth. He seeks damages for the alleged violations of his constitutional rights. (*Doc. Nos. 1, 5*.)

Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against the Dothan City Jail, the City of Dothan, and Melissa Killingsworth prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

## I. DISCUSSION

*A. The Dothan City Jail*

The Dothan City Jail is not a legal entity and, therefore, is not subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims against this defendant are due to be dismissed. *Id.*

*B. The City of Dothan*

Although the Supreme Court has held that counties (and other local government entities) are "persons" within the scope of § 1983, and subject to liability, Plaintiff cannot rely upon the theory of *respondeat superior* to hold the City of Dothan liable. *See Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 692 (1978) (finding that § 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor"); *Pembaur v. Cincinatti,* 475 U.S. 469, 479 (1986). "It is only when the 'execution of the government'' policy or custom ... inflects the injury' that the municipality may be held liable." *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). A city does not incur § 1983 liability for injuries caused solely by its employees. *Monell,* 436 U.S. at 694. Nor does the fact that a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee infer municipal culpability and causation. *Bd. of County Com'rs v. Brown,* 520 U.S. 397, 403 (1997).

Here, Plaintiff's complaint fails to articulate a theory under *Monell* under which the

2

City of Dothan may be held liable. Consequently, there is no legal basis on which Plaintiff's claims against this Defendant may proceed and it is, therefore due to be dismissed. *See Neitzke v. Williams*, 490 U.S. 319 (1989).

*C. Defendant Killingsworth*

Plaintiff alleges that Magistrate Melissa Killingsworth issued a domestic violence warrant against him without probable cause. Plaintiff states he did not touch his wife and she had no visible signs of physical abuse. (*Doc. No. 5*.)

"Magistrates are unique in Alabama's system of judicial administration. The office of magistrate is a hybrid creature, combining both clerical attributes and limited judicial attributes." *City of Bayou LaBatre v. Robinson*, 785 So.2d 1128, 1133 (Ala. 2000). Pursuant to Ala. Code § 12-14-51(c)(1) (1975), a magistrate is granted the judicial power to issue an arrest warrant. Pursuant to state law, a magistrate who exercises judgment and discretion pursuant to his or her duties is considered to be performing a judicial act which entitles the magistrate to judicial immunity. *Robinson*, 785 So.2d at 1133. The decision to or not to issue an arrest warrant, (that is, to determine whether probable cause exists), is an exercise of discretion for which a magistrate is granted absolute judicial immunity. *Almon v. Gibbs*, 545 So.2d 18, 20 (Ala.1989), *modified by Ex parte City of Tuskegee*, 932 So .2d 895, 908–09 (Ala. 2005); *Franklin v. Healthcare Auth. for Baptist Health*, 2010 WL 55707, at *1 (M.D.Ala. Jan. 4, 2010) (denying an amendment as futile because the state magistrate was entitled absolute judicial immunity for the decision not to issue an arrest warrant).

In light of the authority granted Defendant Killingsworth to issue warrants and the judicial act that she performed when she used her discretion to issue Plaintiff's arrest warrant, she is entitled to absolute judicial immunity from damages in this § 1983 action. *Cf. Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983) (finding clerk was entitled to absolute judicial immunity for issuing a warrant). Plaintiff's request for damages against Defendant Killingsworth is, therefore, due to be dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

### D. Unlawful Detention

Plaintiff asserts a due process violation with respect to his detention in the Dothan City Jail for 179 days following his arrest on a domestic violence charge. According to the complaint and amendment thereto, Plaintiff's case was continued three times because witnesses failed to appear in court each time the matter was set for hearing and/or trial. Plaintiff states, however, that he was released on January 29, 2013, before actual dismissal of the domestic violence case against him on February 14, 2013. (*Doc. Nos. 1, 5.*)

In order to establish a cognizable claim for unlawful detention under § 1983, plaintiff must allege facts showing the elements of common law false imprisonment: (1) intent to confine, (2) acts resulting in confinement, and (3) consciousness of the victim of confinement or resulting harm. *Ortega v. Christian,* 85 F.3d 1521, 1526 (11th Cir. 1996). A plaintiff must further establish that the imprisonment resulted in a violation of due process rights under the Fourteenth Amendment. *Id.* That is, a plaintiff must demonstrate that the defendants were deliberately indifferent to his continued detention " 'after it was or should have been known

that [he] was entitled to release.'" *Kelley v. Ga. Dep't of Corr.,* 145 F. App'x 329, 330 (11th Cir. 2005) (quoting *Cannon v. Macon County,* 1 F.3d 1558, 1563 (11th Cir. 1993)).

Here, Plaintiff has not submitted any facts indicating that any of the named defendants intentionally detained him beyond dismissal of the charge against for him domestic violence, and indeed, it appears from the complaint and amendment thereto that Plaintiff was actually released from the jail prior to dismissal of the pending charge. Accordingly, Plaintiff has failed to state a claim on which relief may be granted and his claim for unlawful detention is, therefore, due to be dismissed. *See Neitzke*, 490 U.S. 319.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Dothan City Jail, the City of Dothan, and Melissa Killingsworth be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i-iii);

2. The Dothan City Jail, the City of Dothan, and Melissa Killingsworth be DISMISSED as parties to the complaint;

3. Plaintiff § 1983 claim for unlawful detention against the named defendants be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

4. This case with respect to the remaining defendant be referred back to the undersigned for additional proceedings.

It is further

ORDERED that on or before June 5, 2013, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar Plaintiff from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 22nd day of June, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE